IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN RIVERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-CV-3404-D |
| VS. | § | |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from plaintiff's attempt to stop a residential foreclosure, defendant CitiMortgage, Inc. ("Citi") moves to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons set out below, the court grants the motion and also grants plaintiff one more opportunity to amend in order to state a claim on which relief can be granted.

I

Plaintiff Juan Rivera ("Rivera") obtained title to the property at issue in 2002 through a general warranty deed with a vendor's lien in favor of a third party. The next year Rivera obtained a loan from Texas Residential Mortgage, L.P. ("Texas Residential"), secured by a mortgage lien on the property that renewed and extended the amount owed on the original loan. Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Texas Residential, assigned the deed of trust to Citi. MERS's signatory for the assignment was its assistant secretary, Aaron Menne ("Menne").

When Citi attempted to conduct a nonjudicial foreclosure sale of Rivera's property,

he filed suit in state court seeking to restrain the sale.

After removing the case to this court, Citi moved to dismiss Rivera's original petition under Rule 12(b)(6). The court granted Citi's motion, but because the case had been removed from state court and Rivera had filed his petition under state pleadings standards, the court granted Rivera leave to replead. Rivera filed an amended complaint in which he shifted focus and now asserts a quiet title claim on the ground that MERS's assignment to Citi was invalid. Citi moves to dismiss Rivera's suit pursuant to Rule 12(b)(6).

II

To survive Citi's motion, Rivera's amended complaint must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[*] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Fed. R.

---

[*]In opposition to Citi's motion, Rivera mistakenly relies on the obsolete "no set of facts" pleading standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See* P. Br. 2, 4.

- 2 -

Civ. P. 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Although "the pleading

standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more

than "'labels and conclusions.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  And "'a

formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*,

550 U.S. at 555).

### III

### A

A Texas-law quiet title claim is an equitable action that requires proof of three

elements: "(1) an interest in a specific property, (2) title to the property is affected by a claim

by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable."

*Metcalf v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 2399369, at *7 (N.D. Tex. June 26,

2012) (Fitzwater, C.J.) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3

(Tex. App. Dec. 30, 2011, no pet.) (mem. op.)).  To quiet title, Rivera "'must allege right,

title, or ownership in himself . . . with sufficient certainty to enable the court to see he . . .

has a right of ownership that will warrant judicial interference.'"  *Id.* (quoting *Wright v.

Matthews*, 26 S.W.3d 575, 578 (Tex. App. 2000, pet. denied)).  He "'must prove and recover

on the strength of his own title, not the weakness of his adversary's title.'"  *Id.* (quoting

*Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. 2001, no pet.)) (alterations omitted).

"'The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim

to title.'"  *Id.* at *6 (quoting *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.

- 3 -

2011, no pet.)) (alterations omitted).

Rivera seeks to quiet title in his favor on the ground that the deed of trust's assignment from MERS to Citi is invalid. He maintains that the assignment is void because Menne, the person who signed the assignment on behalf of MERS, lacked the authority or legal capacity to assign the deed of trust and "did not have personal knowledge of the events and conditions documented in the assignment." Am. Compl. ¶ 4. Rivera's terse amended complaint fails to allege any additional facts supporting these conclusory allegations.

Citi moves to dismiss on the grounds that Rivera lacks standing to challenge the assignment and that his amended complaint fails to allege sufficient facts to show either that he has superior title to the property or to support his objections concerning the assignment.

B

It is not an absolute rule that a nonparty to an assignment lacks standing to challenge its validity. A debtor has standing to challenge an assignment "'on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only.'" *Puente v. CitiMortgage, Inc.*, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (Godbey, J.) (quoting *Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App. 1975, no writ)); *see also Miller v. Homecomings Fin., LLC*, 881 F.Supp.2d 825, 831-32 (S.D. Tex. 2012). A debtor also lacks standing to contest compliance with the terms of an assignment agreement to which he is not a party, privy, or a third-party beneficiary. *Schrader-Scalf v. CitiMortgage, Inc.*, 2013 WL 625745, at *3 (N.D. Tex. Feb. 20, 2013) (Fitzwater, C.J.) (citing *Metcalf*, 2012 WL 2399369, at *4-5).

- 4 -

Rivera argues that the assignment was void because Menne was not authorized to assign the deed of trust.  It appears that, under Texas law, a contract entered into without authorization is void under agency principles.  *See Routh v. Bank of Am., N.A.*, 2013 WL 427393, at *9 (W.D. Tex. Feb. 4, 2013).  Because an unauthorized act does not bind a principal, an unauthorized assignment is considered void instead of merely voidable.  *See id.* ("The law does not presume agency.  Absent actual or apparent authority, an agent cannot bind a principal." (quoting *Suarez v. Johnson*, 35 S.W.3d 268, 272-73 (Tex. App. 2000, no pet.))); *see also Green v. Hugo*, 17 S.W. 79, 80 (Tex. 1891) ("A pretended conveyance or contract of sale by one who assumes to act as agent of another, but who is in fact without authority, *is void*, and does not constitute such color of title as will confer ownership[.]" (emphasis added)); 63 Tex. Jur. 3d Real Estate Sales § 44 (explaining that "contract or conveyance executed by one who assumes without authority to act as the agent of another" is void (citing *Green*, 17 S.W. 79)).

Assuming *arguendo* that Rivera has standing to challenge the assignment based on Menne's alleged lack of authority to sign the assignment on behalf of MERS, he has failed to allege facts that are sufficient to state a plausible claim.  Indeed, the amended complaint offers no further elaboration to support the conclusory assertion that Menne lacked authority to act as MERS's signatory in assigning the deed of trust to Citi.  Without facts to support a reasonable inference that the conclusory statement is true, Rivera has not raised his claim above a speculative level.

Regarding the ground that Menne lacked the legal capacity to assign the mortgage,

neither Rivera's complaint nor his brief elaborates on what he means by "legal capacity" or explains whether it is a ground to render the assignment void.  Furthermore, Rivera fails to allege any facts to support a reasonable inference that Menne actually lacked legal capacity.

As for Rivera's argument regarding Menne's alleged lack of personal knowledge of events and conditions documented in the assignment, Rivera likewise fails to plead factual support for that assertion or explain how it would render the assignment void.

Accordingly, the court concludes that Rivera has failed to state a plausible claim that the assignment was invalid.

IV

Although the court is granting Citi's motion, and although the court has already given Rivera one opportunity to amend, it will grant him one last opportunity to replead.  "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Rivera shifted the focus of his lawsuit after the court granted Citi's first motion to dismiss, and it has now explained why his remaining cause of action fails to state a claim on which relief can be granted.  Rivera has not stated that he cannot, or is unwilling to, cure the defects that the court has identified.  The court will therefore grant him 30 days from the date this memorandum opinion and order is filed to file a second amended

complaint.  If he repleads, Citi may move anew to dismiss, if it has a basis to do so.

                                    *      *      *

For the reasons set out, the court grants defendant's motion to dismiss and grants

Rivera one final opportunity to replead.

**SO ORDERED.**

April 1, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE